UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 6-58-B-W-2 |
| | ) |
| MICHAEL EASLER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On December 19, 2008, Defendant Easler filed a motion in this criminal case. The motion is entitled "motion requesting leave to file habeas corpus petition pursuant to 28 U.S.C. § 2255." (Doc. No. 541.) On January 12, 2009, the motion was referred to me. The Government has never responded to the request. In the body of the motion Easler recites the basic facts that appear of record on the docket sheet. On March 27, 2007, Easler pled guilty to a seven-count indictment charging various drug related offenses. On August 9, 2007, Easler was sentenced to one hundred forty-five months imprisonment, four years of supervised release and a final order of forfeiture in the amount of $2,904,000.00. No appeal was ever taken from the judgment and in the normal course of events the judgment became final at the expiration of the appeal period within the meaning of 28 U.S.C. § 2255(f)(1).

In his motion Easler reveals that he arrived at the United States Penitentiary, Florence, Colorado, in June of 2008. Easler does not provide any indication of where he was between August 2007 and June 2008. However, he does report that U.S.P.-Florence has been under twenty-four hour lockdown status since April 2008 and will remain in that status for the foreseeable future. Because of the lockdown status Easler has only "de minimis" access to legal materials. In the motion Easler asks the Court to allow him to file a § 2255 petition even though

it would be "untimely." Easler indicates that he wishes to file this motion in order to challenge the Court's imposition of the forfeiture order.

Subsection (f) of 28 U.S.C. § 2255 sets forth a one year period of limitation. That one year runs from the latest of the following events:

>    (1)  the date on which the judgment of conviction becomes final;
>
>    (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
>    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) .

This Court has no authority to extend the one year period of limitation set by statute. In certain extremely rare circumstances the doctrine of equitable tolling might allow a § 2255 petition to proceed, even though it is filed after the expiration of the relevant limitations period. In Trapp v. Spencer, the First Circuit examined a claim by a § 2254 petitioner who was seeking tolling due to his attorney's miscalculation of the analogous one year limitation period of § 2244(d)(1). The Panel gave the following guidance:

> We delineate here some of those factors that may influence a court's decision whether or not to grant equitable tolling in a habeas case. Under Pace and our own precedent, relevant factors include:
>
> 1.  The petitioner's own diligence in pursuing habeas relief, see, e.g., Pace [v. DiGuglielmo], 544 U.S. [408,] 419 [(2005)]; Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir.2002);

2

2. Whether some extraordinary circumstance prevented the petitioner from making a timely filing, see, e.g., Pace, 544 U.S. at 418; Neverson [v. Farquharson], 366 F.3d [32,] 43 [(1st Cir. 2004)];

3. The petitioner's diligence in the pursuit of other post-conviction remedies and the process already afforded in the state system, see, e.g., Pace, 544 U.S. at 418-19; Delaney [v. Matesanz], 264 F.3d [7,] 14-15 [(1st Cir. 2001)];

4. Any prejudice to the prosecution that would result from tolling and possible retrial, see David [v. Hall], 318 F.3d [343,] 347 [(1st Cir. 2003)];

5. The fact that equitable tolling is not available in cases of dubious merit, see Lattimore, 311 F.3d at 55 (discussing likelihood of success on the merits in determining that equitable tolling was not warranted); Brackett [v. United States], 270 F.3d [60,] 71 [(1st Cir. 2001)] (same), overruled on other grounds by Johnson v. United States, 544 U.S. 295, 302 (2005); and

6. Whether or not the case is a capital case and whether or not the petitioner has been sentenced to death, see David, 318 F.3d at 346 n. 4.

Trapp v. Spencer, 479 F.3d 53, 61 (1st Cir. 2007) (footnotes omitted).

If Easler had a motion of greater than "dubious merit" and extraordinary circumstances prevented him from making a timely filing, and he could show the requisite diligence in pursuing habeas relief, the law might excuse his late Section 2255 motion.[1] However, such a motion, if it contained the same information as found in this motion, would most likely be subject to summary dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings. Therefore, based upon the foregoing, the motion to allow late filing of a petition pursuant to 28 U.S.C. § 2255 is DENIED.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Crim.P. 58.

*So Ordered.*

January 12, 2009              /s/ Margaret J. Kravchuk
                              U.S. Magistrate Judge

---

[1] Based upon the recitations in this motion it appears extremely unlikely Easler could make any such showing.